UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ x
SEEMA SHARMA, JAVED MUGHAL,            :
SHAIKH HAQ, GUL R. TARIQ,              :
ISHRAT SULTANA KHAN and                :
INDIRABEN PATEL,                       :
                                       :
              *Plaintiffs*,            :
                                       :   No. 16-cv-9109 (LAP)(GWG)
        -against-                      :
                                       :
AIRPORT MANAGEMENT SERVICES, LLC       :
d/b/a HUDSON NEWS and                  :
HUDSON GROUP (HG) RETAIL, LLC,         :
                                       :
              *Defendants*.            :
------------------------------------------------ x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS IV AND V OF PLAINTIFFS' AMENDED COMPLAINT**

**DLA PIPER LLP (US)**

Joseph Kernen, Esquire
One Liberty Place
1650 Market Street
Suite 4900
Philadelphia, PA 19103-7300
(215) 656-3345
joseph.kernen@dlapiper.com

Garrett Kennedy, Esquire
1251 Avenue of the Americas
New York, NY 10020-1104
(212) 335-4708
Garrett.kennedy@dlapiper.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................1

II. BACKGROUND ............................................................................................................2

III. STANDARD OF REVIEW ............................................................................................5

IV. ARGUMENT ..................................................................................................................6

    A. Neither the FLSA nor the NYLL recognize a cause of action for "preemptive retaliation."……………………………………………………..……………...6

        i. The New York Labor Law does not recognize retaliation claims based on the purported failure to pay overtime..…………………………………...6

        ii. Plaintiffs' theory of pre-emptive retaliation is not supported by the statutory framework of either the FLSA and the NYLL…………………7

    B. Even if Plaintiffs' theory of pre-emptive retaliation was colorable under the FLSA and the NYLL, Plaintiffs have failed to allege facts in support of their claims...........................................................................................................10

V. CONCLUSION .............................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adams v. Persona, Inc.*,
    124 F. Supp. 3d 973 (D.S.D. 2015) ................................................................................... 10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................................ 5

*Azeez v. Ramaiah*,
    No. 14-cv-5623, 2015 WL 1637871 (S.D.N.Y. Apr. 9, 2015) ............................................ 8

*Dunn v. Sederakis*,
    143 F. Supp. 3d 102 (S.D.N.Y. 2015) ................................................................................ 8

*Henry v. Nannys for Grannys Inc.*,
    86 F. Supp. 3d 155 (E.D.N.Y. 2015) .................................................................................. 7

*Matter of Rodriguez v. C&S Wholesale Grocers, Inc.*,
    108 A.D.3D 848 (3d Dept. 2013) ....................................................................................... 9

*McNamara v. Associated Press*,
    40 F. Supp. 3d 345 (S.D.N.Y. 2014) .................................................................................. 8

*Mullins v. City of N.Y.*,
    626 F.3d 47 (2d Cir. 2010) ................................................................................................. 7

*Nabi v. Hudson News Co.*,
    14-cv-4635 (S.D.N.Y.) ........................................................................................... 3, 4, 6, 8

*Redford v. KTBS, LLC*,
    135 F. Supp. 3d 549 (W.D. La 2015) ................................................................................. 9

*Sauers v. Salt Lake Cnty.*,
    1 F.3d 1122 (10th Cir. 1993) ............................................................................................ 10

*Wang v. Palmisano*,
    157 F. Supp. 3d 306 (S.D.N.Y. 2016) .............................................................................. 11

*Week Publications, Inc. v. Hernandez*,
    No. 654007/2015, 2016 WL 8379309 (Sup. Ct. N.Y. Cnty. Dec. 20, 2016) ...................... 7

*Zutrau v. Ice Systems, Inc.*,
    969 N.Y.S. 2d 807 (Sup. Ct. Suff. Cnty. 2013) .................................................................. 6

**STATUTES**

29 U.S.C. § 215(a)(3) ................................................................................................ 1, 6, 7

New York Labor Law ("NYLL") § 215 ..................................................................... 1, 2, 6

New York Workers' Compensation Law § 120 ................................................................. 9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 1, 5

Local Rule 7.1 ...................................................................................................................1

Defendants Airport Management Services, LLC ("AMS") and Hudson Group (HG) Retail, LLC ("HGR") (collectively, "Defendants"), by their undersigned attorneys, DLA Piper LLP (US), and pursuant to Federal Rules of Civil Procedure 12(b)(6) and Local Rule 7.1, move to dismiss Counts IV and V of the Amended Complaint (Doc. No. 6, "Am. Compl.") filed by Seema Sharma, Javed Mughal, Shaikh Haq, Gul R. Tariq, Ishrat Sultana Khan, and Indiraben Patel (collectively, "Plaintiffs").

## I.  PRELIMINARY STATEMENT

Plaintiffs are former employees of Defendants who have brought the present action, alleging a patchwork of employment-related claims. Pertinent here, Plaintiffs allege in Counts IV and V that their terminations were retaliatory, in violation of Section 215 of the Fair Labor Standards Act ("FLSA") and Section 215 of the New York Labor Law ("NYLL"). These claims are unsupportable as a matter of law and therefore should be dismissed.

Specifically, Plaintiffs contend that their terminations were "pre-emptive retaliation"—*i.e.*, that Defendants fired Plaintiffs because of "the *prospect* of Plaintiffs seeking redress for unpaid overtime due under the FLSA and the NYLL." (Am. Compl. ¶¶ 175-209 [emphasis added].) This simply is not the law: no court interpreting either the FLSA or the NYLL has ever found that the FLSA or NYLL permits a cause of action for "pre-emptive" retaliation; to the contrary, it is axiomatic and a bedrock principle of law that to state a cause of action, a plaintiff must *first* engage in a protected activity. Telling to this point, although Plaintiffs attempt to lard these claims with case law, they proffer nothing even remotely applicable to their proposition, because there is no support.

Indeed, Plaintiffs' retaliation claim is premised on the theory that Plaintiffs were terminated because, as a result of a similar lawsuit brought against Defendants at a different store

location, involving different plaintiffs and different decision-makers, Defendants determined that Plaintiffs might, one day, learn of this other lawsuit and file a similar action of their own. Plaintiffs' claims are so far afield that none of the Plaintiffs (other than Sharma) even alleges that he or she knew about the other action at the time of termination. Rather, Plaintiffs rely on the theory that, one day, they *could* learn about this, and they *could* possibly file a claim against Defendants. Nor do Plaintiffs attempt to explain why they were singled out for "retaliation," while a dozen or so other employees who worked at the same location and held the same position were not similarly retaliated against; the reason is that their allegation is baseless.

Plaintiffs' proposed claim is unsupportable as a matter of law, and, if accepted, would imbue all employees with a potential retaliation claim for any adverse action, once another has instituted an FLSA or NYLL action. Since the theory of pre-emptive retaliation has not been sustained under the FLSA or under the NYLL, and Plaintiffs provide no factual support for the assertions they make under Counts IV and V, these claims should be dismissed.

## II. BACKGROUND

Plaintiffs are former employees of Hudson News. (Am. Compl. ¶¶ 1, 3.) Each was employed by Hudson News as an Operations Manager, working from Defendants' Penn Station stores in New York City. (*Id.* ¶¶ 42, 46.) On or about September 1, 2016, Plaintiffs were each individually informed that their employed was being terminated for economic reasons. (*Id.* ¶¶ 36–41, 70.) Thereafter, on or about November 22, 2016, Plaintiffs instituted this action by filing a Complaint before this Court, and later filed an Amended Complaint. (Doc. Nos. 1, 6.)

The Amended Complaint alleges ten causes of action, including claims of purported age and race discrimination under the New York City Human Rights Law and the Age Discrimination in Employment Act; alleged exemption misclassification claims under the FLSA

2

and the NYLL; and claims of alleged gender-based discriminatory pay under the New York Equal Pay Act and the federal Equal Pay Act. (*See* Am. Compl. ¶¶ 63-278.) While Defendants do not dispute that these claims are sufficiently alleged for purposes of a motion to dismiss, Defendants deny each of these claims in their entirety; discovery will quickly demonstrate that Plaintiffs' allegations are not and cannot be supported by the factual record.

In addition to the above claims, Counts IV and V of the Amended Complaint allege causes of action of "retaliation" under the FLSA and NYLL, arising in connection with Defendants' defense and litigation of an entirely separate lawsuit, *Nabi v. Hudson News Co.*, 14-cv-4635 (S.D.N.Y.) (the "*Nabi* Action"). By way of background, in 2014 two former Operations Managers of Defendants who worked at Hudson News stores located at Grand Central Station in New York—entirely separate and apart from the Penn Station stores at issue here—instituted a lawsuit, claiming that they had been wrongly misclassified as exempt from the FLSA and NYLL, and further seeking to represent a nationwide FLSA collective of other Operations Managers, and a New York-based class under the NYLL. (*Nabi* Action, Doc. No. 1.) The Court rejected Plaintiffs' application for conditional certification of a nationwide FLSA collective in its entirety (*Nabi* Action, Doc. No. 47), and ultimately on a second motion certified an FLSA collective of only nine Operations Managers at Defendants' Grand Central Station stores (and not a single person opted in). (*Nabi* Action, Doc. No. 74.)

Here, Plaintiffs contend that the *Nabi* Action served as Defendants' motivation for Plaintiffs' termination, due to the *prospect* that Plaintiffs might, at some indefinite point in the future, learn about the existence of the *Nabi* Action and, as a result, institute an action seeking similar redress. (*Id.* ¶ 199.)

Indeed, Plaintiffs allege that only a single Plaintiff, Sharma, even had knowledge of the existence of the *Nabi* Action. Plaintiffs' "factual" allegations regarding this claim are limited to the following: in 2015, Sharma spoke with Defendants' attorney regarding one of the plaintiffs in the *Nabi* Action; she *may* have signed a Declaration based on this conversation; and she was advised by Defendants not to discuss the matter with anyone else. (*Id.* ¶¶ 180-89.)

Beyond this, the totality of allegations relating to purported "complaints" by Plaintiffs regarding NYLL and FLSA issues are limited to a letter from Indiraben Patel's attorney on October 7, 2015—***a year before her termination***—alleging that Patel had not been paid for overtime worked. (*Id.* ¶ 190.) Other than this, the Amended Complaint is devoid of any allegation that Plaintiffs did, in fact, complain about any purported FLSA or NYLL violation, object to their purported misclassification, or otherwise express concerns whatsoever about purported FLSA and NYLL issues. And, there is certainly no allegation that Plaintiffs intended or threatened to institute any action against Defendants, nor a single allegation of any "complaint" or protected activity by any Plaintiff other than Patel.

Indeed, most of the allegations Plaintiffs make in support of Counts IV and V are "based on information and belief," highly speculative, and non-factual and conclusory assertions, including that: (1) the *Nabi* Action was the only FLSA lawsuit that gained attention, even though similar claims were filed in 2000, 2008, and 2010; (2) Defendants' concern about overtime liability to Plaintiffs was heightened after the *Nabi* Action was filed and again after *Nabi* obtained the highly limited collective action certification with respect to nine Operations Managers at the Grand Central Station stores; (3) Defendants fired Plaintiffs in order to reduce exposure to wage and hour liability, and decided to let Plaintiffs go in a way that bore resemblance to a corporate reorganization in order not to make Plaintiffs suspicious; and (4) the

4

prospect of Plaintiffs seeking redress for unpaid overtime was a "but for" cause of Defendants' termination decision. (*Id*. ¶¶ 177, 193, 195, 196, 197, 199.) Nowhere in the Amended Complaint do Plaintiffs state that they were even contemplating filing a lawsuit at the time they were terminated, let alone that Defendants knew or suspected that Plaintiffs had such an intention.

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief under Rule 12(b)(6) is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id*. at 679 (internal citation omitted). Although the court must always accept the truth of a complaint's factual allegations, that principle "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

## IV. ARGUMENT

### A. Neither the FLSA nor the NYLL recognize a cause of action for "preemptive retaliation."

In Counts IV and V of the Amended Complaint, Plaintiffs allege violations of the

5

retaliatory discharge provisions of the FLSA and the NYLL under a theory of pre-emptive retaliation that simply does not exist. Specifically, Plaintiffs allege that they were preemptively terminated in order to avoid the possibility that Plaintiffs could, at some time in the future, learn of the *Nabi* Action and, relying on this, file claims for unpaid overtime under the FLSA or the NYLL, as other employees had done. (*See* Am. Compl. ¶¶ 175-209.) The theory of pre-emptive retaliation has never been recognized or sustained with respect to FLSA and NYLL claims in the Second Circuit or anywhere else, and is wholly contrary to the fundamental paradigm underlying a retaliation claim, namely, that the plaintiff has engaged in some protected activity for which she might be retaliated against. This simply is not the case here.

> **i.** **The New York Labor Law does not recognize retaliation claims based on the purported failure to pay overtime.**

Plaintiffs allege a pre-emptive retaliation claim under Section 215 of the New York Labor Law. But Section 215 protects only those actions of employers that employees "reasonably and in good faith, believe[] violate[] any provision of *this chapter* . . . ." NYLL § 215(a) (emphasis added). Because "[New York] Labor Law does not contain any provisions governing overtime compensation, which is governed by the Fair Labor Standards Act," a Section 215 claim premised on failure to pay overtime cannot survive a motion to dismiss. *See Zutrau v. Ice Systems, Inc.*, 969 N.Y.S. 2d 807 (Sup. Ct. Suff. Cnty. 2013) (holding that the New York Labor Law does not govern failure to pay overtime compensation, but finding that a Section 215 claim based on a failure to keep overtime records under the New York Labor Law was permissible).

> **ii.** **Plaintiffs' theory of pre-emptive retaliation is not supported by the statutory framework of either the FLSA or the NYLL.**

To state a claim of retaliation, the clear statutory language of the FLSA requires an *affirmative* action *by the employee*, which logically and necessarily precludes retaliation claims

6

arising from potential and speculative future protected activities by employees. *See, e.g.*, *Henry v. Nannys for Grannys Inc.*, 86 F. Supp. 3d 155, (E.D.N.Y. 2015) (dismissing retaliation claim "[b]ecause the adverse act preceded [employee's] protected activity").

Under Section 215 of the Fair Labor Standards Act, it is a violation for a company to "discharge . . . any employee because such employee has *filed* any complaint or *instituted* or *caused to be instituted* any proceeding under or related to this Act, or has *testified* or *is about to testify* in any such proceeding . . . ." 29 U.S.C. § 215(a)(3) (emphasis added). Similarly, Section 215 of the New York Labor Law protects employees from retaliation where they pursue similar courses of action, such as complaining of violations or participating in proceedings. *See* NYLL § 215; *see also Week Publications, Inc. v. Hernandez*, No. 654007/2015, 2016 WL 8379309, at *3 (Sup. Ct. N.Y. Cnty. Dec. 20, 2016) (holding that "relief under New York Labor Law § 215 requires that a plaintiff allege that he made a complaint about his or her employer's alleged violation of the statute, and was terminated . . . subject to adverse employment action as a result.") (citation omitted).

Further, in the Second Circuit, "a plaintiff alleging retaliation under FLSA must first establish a prima facie case of retaliation by showing (1) *participation in protected activity known to the defendant, like the filing of a FLSA lawsuit*; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *See Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010) (*citing Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000)) (emphasis added). Both the statute and the first element of the Second Circuit's retaliation analysis require *affirmative* conduct *by the employee*.

7

Here, Plaintiffs fail to allege that they took *any* action that Defendants could possibly construe to suggest that Plaintiffs were planning to file this suit or pursue any other protected action.[1] Plaintiffs do not allege that they were planning to file or join the *Nabi* Action; that their knowledge of the *Nabi* case encouraged them to seek counsel for similar claims; or that (other than Sharma) Plaintiffs were even aware of the existence of the *Nabi* Action. Simply put, Plaintiffs fail to plead the first and critical element of retaliation—that they participated in a protected activity and that this participation was known to the Defendants. To allow retaliation claims to proceed to discovery based on allegations that the company is currently litigating another employment dispute, relating to employees at a different store, that Plaintiffs *were not even aware of*, would mean that no employer could ever discharge employees for any reason during the pendency of litigation, lest they be dragged into court on purely hypothetical claims. This simply is not the law, and for good reason, because it would be entirely untenable. *See, e.g., McNamara v. Associated Press*, 40 F. Supp. 3d 345, 354 (S.D.N.Y. 2014) (holding that retaliation claims cannot survive when there is no allegation of protected activity).

Further, Plaintiffs' proposition that retaliatory discharge is a viable theory as applied to the FLSA and NYLL is premised upon citations to a Workers' Compensation case and three out-of-circuit cases under Title VII and the Americans with Disabilities Act ("ADA")—*none of which actually hold that pre-emptive retaliation is a claim even under those statutory*

---

[1] Plaintiffs allege in a single sentence that Indiraben Patel's attorney sent Defendants a letter on October 7, 2015, accusing the company of failing to pay monies allegedly owed to Patel; however, Plaintiffs allege that this act informed *Defendants'* concern regarding only overtime liability, not *Plaintiffs'* pursuit of a protected activity. Such bare pleading is not sufficient to put a reasonable employer on notice that legal rights under the FLSA are being invoked. *See Dunn v. Sederakis*, 143 F. Supp. 3d 102, (S.D.N.Y. 2015) (holding that plaintiff's opaque reference to "overtime" in her complaints to her employer did not constitute protected activity). Even assuming that Patel's letter was a protected activity, the gap of over a year between assertion of her protected activity and her termination do not support the causal connection required to allege retaliation—even on a motion to dismiss. *See, e.g.*, *Azeez v. Ramaiah*, No. 14-cv-5623, 2015 WL 1637871, at *8-9 (S.D.N.Y. Apr. 9, 2015) (dismissing a retaliation claim on a motion to dismiss in part because of the one year delay between the employee's pursuit of protective activity and the termination).

8

*frameworks*, and that are easily distinguishable on the facts. (*See* Am. Compl. ¶ 200.) Simply put, it is telling—and unsurprising—that the Amended Complaint proffers no legal support for these claims, because there is none.

In *Matter of Rodriguez v. C&S Wholesale Grocers, Inc.*, 108 A.D.3D 848, 850 (3d Dept. 2013), Plaintiffs' only citation to New York law, the Court held that a company's policy of automatic termination for probationary employees who are injured at work was *discriminatory* under Section 120 of the Workers' Compensation Law because it has a "discernable impact upon probationary employees who are injured in work-related accidents . . . who potentially could seek workers' compensation benefits." The Court's holding relied upon interpretation of the Workers' Compensation Law's statutes and the Legislature's intended purpose in passing them. *Id*. at 850. It did not concern any interpretation of the FLSA or NYLL, and, notably, the filing of a Workers' Compensation claim was not prospective—the plaintiff was actually injured on the job, sought medical attention, and remained out of work for a few days. *Id*. at 849.

In *Redford v. KTBS, LLC*, 135 F. Supp. 3d 549, 561 (W.D. La 2015), the white male plaintiff alleged that he was discriminated against based on sex and race under Title VII because he was fired on the same day as a black female employee, "in order to prevent [her] from bringing a potential race or sex discrimination suit . . . ." This *discrimination* case has *absolutely nothing* to do with an employee participating in protected conduct under the FLSA or the NYLL, and then being fired for the conduct. There was no allegation of protected conduct with regard to the fired white male employee; indeed, the allegation concerning protected conduct—the filing of a lawsuit—concerned the black female employee. As in all of the cases Plaintiffs cite, *Redford* does not concern interpretation of the FLSA or New York Labor Law.

9

In *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1128 (10th Cir. 1993), the Tenth Circuit, interpreting another Title VII *discrimination* case, held that an employee who was reassigned after she opposed sexual advances from a coworker met her *prima facie* case of retaliation because she showed that the alleged offending coworker had expressed fear that she would file a sexual harassment claim two days before her reassignment. Plaintiff omits that the *Sauers* Court found *no* impermissible retaliation because there were nondiscriminatory reasons behind her firing. *Id.* at 1128-29. If one applies Plaintiffs' logic to *Sauers*—that the mere potential of a plaintiff filing a claim is sufficient to support pre-emptive retaliation—then Sauers' retaliation claim should have been viable because the sex discrimination allegations were "among the 'but for' causes of Defendants' decision to terminate . . . ." (Am. Compl. ¶ 199.) Such a result is untenable under the statutory framework of Title VII, and is a pointed reminder that these separate statutory schemes require separate analysis—which Plaintiffs fail to provide.

Lastly, Plaintiffs cite to *Adams v. Persona, Inc.*, 124 F. Supp. 3d 973 (D.S.D. 2015) for the proposition that the pre-emptive retaliation theory is viable, but their citation is merely to a footnote, which itself discusses *Sauers*. As discussed above, *Sauers* does not provide a basis for a pre-emptive discharge case in the context of either the FLSA or the NYLL. Indeed, none of the cases Plaintiffs cite apply the FLSA or the NYLL, and, with the exception of the Workers' Compensation case, none of rulings were made by courts within the Second Circuit or in the New York state court system.

**B.    Even if Plaintiffs' theory of pre-emptive retaliation were colorable under the FLSA and the NYLL, Plaintiffs have failed to allege facts in support of their claims.**

Even assuming that Plaintiffs' characterization of case law permits the application of a pre-emptive retaliation theory to the FLSA and the NYLL, Plaintiffs have failed to adequately plead Counts IV and V. Plaintiffs assert that these cases stand for the proposition that, if the

10

mere *prospect* of a complaint by an employee motivates an employer to engage in retaliatory discharge, then the employer's conduct constitutes actionable retaliation. (*Id.* ¶ 200.) However, even here, Plaintiffs fail to assert that Defendants had any knowledge or suspected that Plaintiffs would file suit and have failed to provide anything other than conclusory allegations to support their assertion that Defendants fired Plaintiffs to reduce or avoid overtime liability. Plaintiffs state only that the "prospect of a complaint" was the reason behind Plaintiffs' firing *upon information and belief. See, e.g.*, *Wang v. Palmisano*, 157 F. Supp. 3d 306, 332-33 (S.D.N.Y. 2016) (dismissing claim for failure to allege that potential employer knew that applicant had engaged in the protected activity that formed the basis for his retaliatory discharge claim).

In sum, Plaintiffs allege a theory of pre-emptive retaliation that has never been held, by any court, to apply to retaliation claims brought under the FLSA or the New York Labor Law. Further, even under any retaliation theory, Plaintiffs fail to allege any protected actions taken by Plaintiffs that Defendants retaliated *against*, and there are no facts pled in support of the notion that Defendants fired Plaintiffs in order to reduce or avoid overtime liability. Accordingly, for the reasons set forth herein, Defendants respectfully request that Counts IV and V of the Amended Complaint be dismissed.

## V. CONCLUSION

**WHEREFORE**, based on the foregoing, Defendants respectfully request that Counts IV and V of the Amended Complaint be dismissed.

EAST\140425930.5

**DLA PIPER LLP (US)**

By: */s/ Joseph Kernen*
Joseph Kernen, Esquire
One Liberty Place
1650 Market Street
Suite 4900
Philadelphia, PA 19103-7300
(215) 656-3345
joseph.kernen@dlapiper.com

Garrett Kennedy, Esquire
1251 Avenue of the Americas
New York, NY 10020-1104
(212) 335-4708
Garrett.kennedy@dlapiper.com

*Attorneys for Defendants*

March 10, 2017

**CERTIFICATE OF SERVICE**

I certify that on March 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the following counsel of record identified via transmission of Notices of Electronic Filing generated by CM/ECF.

Andrew Ross Sack
Scott Anthony Lucas
Law Offices of Scott A. Lucas
250 Park Avenue
20th Floor
New York, NY 10177
T: (516) 526-3319
Andrew@lucasemploymentlaw.com
T: (212) 983-6000
Scott@lucasemploymentlaw.com

*Attorneys for the Plaintiffs*

*/s/ Joseph Kernen*
Joseph Kernen